UNITED STATES of America,
Plaintiff–Appellee,

v.

Richard P. SELENSKE,
Defendant–Appellant.

No. 87–2667.

United States Court of Appeals,
Seventh Circuit.

Submitted July 27, 1989.

Decided July 31, 1989.*

Richard P. Selenske, Antigo, Wis., pro se.

Patricia J. Gorence, U.S.A., U.S. Atty.'s Office, Stephen A. Ingraham, Joseph R. Wall, James L. Santelle, John E. Fryatt, Susan M. Knepel, Asst. U.S. Attys., Milwaukee, Wis., for plaintiff-appellee.

Before BAUER, Chief Judge, and FLAUM and EASTERBROOK, Circuit Judges.

PER CURIAM.

■ Richard P. Selenske defaulted on several secured loans that he had obtained from the Farmers Home Administration

---

* This case originally was decided by unpublished order under Circuit Rule 53. The court has decided to issue the order as an opinion, with some small changes in language.

(FHA). On behalf of FHA, the United States filed a foreclosure suit against Selenske (and others) on August 1, 1985, under 28 U.S.C. § 1345. On April 15, 1987, the government moved for summary judgment. Although Selenske received notice that he had to submit documents or affidavits supporting his claim under Fed.R. Civ.P. 56(e), he did nothing. Summary judgment against him was therefore proper. *Celotex Corp. v. Catrett*, 477 U.S. 317, 322, 106 S.Ct. 2548, 2552, 91 L.Ed.2d 265 (1986); *Cain v. Lane*, 857 F.2d 1139, 1142 (7th Cir.1988). Selenske now asks this court to vacate the district court's order in light of the Agricultural Credit Act of 1987 (Pub.L. 100–223), codified at 7 U.S.C. §§ 1981–2001.

This case was remanded to the district court on February 23, 1989, for the limited purpose of entering an order amending the judgment under Fed.R.Civ.P. 60(b). The district court had erroneously granted the government's Rule 60(b) motion *after* Selenske had filed his appeal. The district court lacked jurisdiction to do so after Selenske appealed. See *Griggs v. Provident Consumer Discount Co.*, 459 U.S. 56, 58, 103 S.Ct. 400, 401, 74 L.Ed.2d 225 (1982); *Ced's Inc. v. EPA*, 745 F.2d 1092, 1095–96 (7th Cir.1984), *cert. denied*, 471 U.S. 1015, 105 S.Ct. 2017, 85 L.Ed.2d 299 (1985). Now that the amendment has been accomplished properly, we may reach the merits.

The Act permits qualified (but delinquent) borrowers to restructure loans before foreclosure. 7 U.S.C. §§ 1991(b), 2001. The Act also placed a moratorium on "collection activities" such as initiating foreclosure or liquidation before the Secretary of Agriculture issued final regulations to implement the new debt restructuring program. Pub.L. 100–233 § 615; 7 U.S.C. § 2001(g) ("Prerequisites to foreclosure or liquidation"). Selenske wants us to vacate the district court's order so that he can restructure his defaulted loans. This we cannot do. The order was entered on August 20, 1987, while the Act did not take effect until January 6, 1988. Moreover, the government initiated this action in 1985, well before the moratorium was in

effect. Selenske does not and cannot show that he came under the Act's moratorium at this late date. Although *Bradley v. Richmond School Board*, 416 U.S. 696, 94 S.Ct. 2006, 40 L.Ed.2d 476 (1974), holds that courts ordinarily apply the law in force at the time of decision, the Court also observed that the structure of the statute may call for strict prospectivity. The foreclosure provisions in the Act are such rules. The Act affects ongoing collection efforts, see *Coleman v. Lyng*, 864 F.2d 604 (8th Cir.1988), but not accomplished foreclosures. It does not attach consequences to ongoing deeds (in *Bradley*, an obligation to pay attorneys' fees for continuing litigation) but calls for certain steps before a public official may act. Nothing in the statute or its history suggests that all prior foreclosures were to be annulled.