16 F.3d 1226
NOTICE: Seventh Circuit Rule 53(b)(2) states unpublished orders shall not be cited or used as precedent except to support a claim of res judicata, collateral estoppel or law of the case in any federal court within the circuit.
 UNITED STATES of America, Plaintiff-Appellee,
v.
Robert H. FALK, Defendant-Appellant.
 No. 92-3590.
 United States Court of Appeals, Seventh Circuit.
 Submitted Dec. 14, 1993.*
Decided Dec. 21, 1993.
 
 Before CUMMINGS, CUDAHY and EASTERBROOK, Circuit Judges.
 
 ORDER
 
 1
 Robert H. Falk appeals the district court's grant of summary judgment in favor of the government in this civil action for foreclosure brought pursuant to 28 U.S.C. Secs. 1345 and 2001-2003. Falk raises several challenges to the district court's decision, including the contention that prior to bringing this action for foreclosure, the Farmers Home Administration (FmHA) should have permitted him to take advantage of the debt restructuring provisions of the Agricultural Credit Act of 1987 (the 1987 Act). Because Falk has raised a factual issue as to whether he was eligible to apply for debt restructuring under the 1987 Act and was wrongly deprived of that opportunity, we vacate and remand.
 
 
 2
 In 1977, Robert and Janet Falk borrowed $400,000 from the FmHA, securing the debt by a mortgage on their family farm located in Janesville, Wisconsin. The promissory note signed by the Falks indicates that the loan was designated an "Emergency" loan under the Consolidated Farm and Rural Development Act. In 1988, Falk was informed by the FmHA that it intended to accelerate his loan. The FmHa also sent Falk a packet of information concerning loan restructuring programs (the 1951-S Instructions) available to aid farmers in repaying their loans. On December 19, 1988, Falk responded to the notice of intent to accelerate, stating that he wanted to be considered for all available programs. On March 31, 1989, the FmHA advised him that he was ineligible for any of the loan restructuring options described in the 1951-S Instructions because his loan had been reclassified as a "Non-Program Loan" in 1983. The FmHA stated that this reclassification took place when Falk and his wife executed a Form FmHA 465-11 "Accelerated Repayment Agreement," dated December 29, 1983. Falk claims that neither he nor his former wife ever signed this instrument. When Falk attempted to appeal the FmHA's determination, he was advised by the FmHA that it was unappealable.
 
 
 3
 Falk did not make payments on the promissory note after November 15, 1989. On May 6, 1991, the FmHA advised Falk that his loan had been accelerated, and that if his remaining debt were not paid in full within 30 days, the FmHA would foreclose his mortgage. Falk did not pay, and the government instituted this foreclosure action on February 24, 1992. The district court held a hearing, then granted the government's motion for summary judgment on July 29, 1992. The court determined that as of that date, Falk owed $62,430.72 in principal and $12,820.88 in interest on the note, and $475.75 in court costs.[1] Concluding that the state statutory redemption period of one year was inapplicable, the court allowed a sixty-day redemption period prior to public auction, and ordered the property to be sold as a whole. Falk's subsequent motions for reconsideration were denied, and this timely appeal followed.
 
 
 4
 Title VI of the Agricultural Credit Act of 1987, Pub.L. No. 100-233, Secs. 601-626, 101 Stat. 1665, 1665-85 (1988), which took effect on January 6, 1988, substantially amended the debt restructuring and loan servicing provisions of the Consolidated Farm and Rural Development Act (codified at 7 U.S.C. Sec. 1921 et seq.) governing farmer program loans administered by the FmHA. The Secretary of Agriculture subsequently promulgated regulations prescribing the procedures to be followed in servicing most FmHA loans. See 7 C.F.R. Sec. 1951, subpart S. Under these provisions, an eligible borrower who has outstanding obligations to the Secretary under any "farmer program loan" has a right to try to persuade the Secretary not to foreclose on his property by applying for debt restructuring under one of the primary loan service programs described in 7 U.S.C. Secs. 1991(b)(3) and 2001.[2] See United States v. Einum, 992 F.2d 761, 762 (7th Cir.1993); 7 U.S.C. Sec. 1981a; 7 C.F.R. Sec. 1951.902. "Farmer program loans" include "Emergency (EM)" loans, see 7 C.F.R. Sec. 1951.906, but do not include "Non-Program (NP)" loans, see 7 C.F.R. Sec. 1965.34.[3] Moreover, 7 U.S.C. Sec. 1981d provides that a qualified borrower who has become delinquent in making payments on his loan must be notified by the Secretary of the primary loan service programs for which he may apply, and be considered "before the earliest of--(A) initiating any liquidation; (B) requesting the conveyance of security property; (C) accelerating the loan; (D) repossessing the property; (E) foreclosing on property; or (F) taking any other collection action." 7 U.S.C. Sec. 1981d(d)(3). See Moseanko v. Yeutter, 944 F.2d 418, 423-24 (8th Cir.1991); Coleman v. Lyng, 864 F.2d 604, 608-09 (8th Cir.1988), cert. denied, 493 U.S. 953 (1989); United States v. Selenske, 882 F.2d 220, 221 (7th Cir.1989) (per curiam ); see also United States v. Kottcamp, 823 F.Supp. 609, 611-613 (N.D.Ind.1993). Finally, the statute provides that
 
 
 5
 [n]o foreclosure or other similar actions shall be taken to liquidate any loan determined to be ineligible for restructuring by the Secretary under this section
 
 
 6
 (1) until the borrower has been given the opportunity to appeal such decision, and
 
 
 7
 (2) if the borrower appeals, the appeals process has been completed, and a determination has been made that the loan is ineligible for restructuring.
 
 
 8
 7 U.S.C. Sec. 2001(g).
 
 
 9
 In Selenske, this court joined the Eighth Circuit in holding that as of January 6, 1988, the 1987 Act applied to all pending and future actions for foreclosure of farmer program loans by the FmHA. 882 F.2d at 221 (citing Coleman, 864 F.2d at 604). Although Falk has repeatedly invoked the procedural protections of the 1987 Act,[4] neither the district court--nor indeed the government--has directly addressed the issue of whether he is entitled to those protections.[5] The affidavit and attached exhibits submitted by Falk to the district court show that when Falk requested that he be considered for debt restructuring on December 19, 1988, he was advised that he was ineligible because his loan had been reclassified as a "Non-Program" loan in 1983. (R. at 23, Exhs. 3-13.) Falk hotly disputes that he ever signed the document by which this reclassification was presumably accomplished, and the record suggests that he may be right.[6] (R. at 14, Exh. A.) The evidence submitted by Falk shows that the FmHA categorically refused to consider whether Falk may be qualified for one of the primary loan service programs, advising him that the 1987 Act did not apply to his loan at all. (R. at 23, Exh. 8.) Falk was thus deprived of an opportunity to apply and be considered for debt restructuring under 7 U.S.C. Secs. 1981a, 1981d and 2001. Because Falk has raised a factual issue concerning whether he was entitled to the procedural protections mandated by the 1987 Act, we must vacate the district court's summary judgment ordering foreclosure of his mortgage.
 
 
 10
 Falk also contends that the one-year redemption period following foreclosure available under Wisconsin law, rather than the sixty-day period allowed by the district court, should be applied to this case. See Wis.Stat. Sec. 846.10(2). As Falk himself recognizes in his Reply Brief, we rejected this argument in Einum on the ground that the 1987 Act and corresponding regulations provide a comprehensive framework allowing borrowers ample opportunity to redeem their property. The application of additional state law protection is thus precluded. 992 F.2d at 762-63. In any case, the issue is moot in light of our disposition above. Finally, Falk challenges the district court's decision to sell the entire property as one parcel rather than two on the ground that he wished to have an opportunity to repurchase his homestead. On remand, the district court should consider whether the homestead protection provisions of the 1987 Act govern this claim as well. See United States v. Rode Corp., 996 F.2d 174, 176 (7th Cir.1993); 7 U.S.C. Secs. 1981d, 2000.
 
 
 11
 The district court's summary judgment in favor of the plaintiff is VACATED, and this case is REMANDED for further proceedings consistent with this order.
 
 
 12
 VACATED and REMANDED.
 
 
 
 *
 After preliminary examination of the briefs, the court notified the parties that it had tentatively concluded that oral argument would not be helpful to the court in this case. The notice provided that any party might file a "Statement as to Need of Oral Argument." See Fed.R.App.P. 34(a); Cir.R. 34(f). Appellant has filed a statement requesting oral argument. Upon consideration of that statement, the briefs and the record, the request for oral argument is denied and the appeal is submitted on the briefs and record
 
 
 [1]
 According to these figures, at the time of foreclosure Falk had already paid 84% of the principal on his $400,000 promissory note
 
 
 [2]
 "Borrower" is defined in 7 U.S.C. Sec. 1991(b)(1) and 7 C.F.R. Sec. 1951.906; eligibility criteria for debt restructuring and loan servicing are outlined in 7 U.S.C. Sec. 2001(b) and the corresponding regulations
 
 
 [3]
 New regulations governing Non-Program (NP) loans have recently been promulgated by the Secretary of Agriculture, becoming effective November 12, 1993. See Farmers Home Administration NonProgram (NP) Loans, 58 Fed.Reg. 52644, 52644-52 (1993) (to be codified at 7 C.F.R. Sec. 1951 subpart J). The collection and management of NP loans by the Secretary is governed by 42 U.S.C. Sec. 1480 (not 7 U.S.C. Sec. 1921 et seq.), and was thus unaffected by the 1987 Act. See 58 Fed.Reg. at 52646
 
 
 [4]
 (R. at 10, 20-23.)
 
 
 [5]
 We note in particular that in its Reply to Falk's Response to the government's Motion for Summary Judgment, the government made no mention of Falk's contention that the 1987 Act applies to him and that its provisions have not been complied with by the FmHA. (R. at 24.) Cf. Kottcamp, 823 F.Supp. at 611
 
 
 [6]
 Form FmHA 465-11, the "Accelerated Repayment Agreement," is an interesting document. In the space provided for indicating "Type of Loan" it contains the letters "EM." Under FmHA regulations, "EM" usually designates an "Emergency Loan." See 7 C.F.R. Sec. 1951.906. Emergency loans are "Farmer Program Loans," id., and are thus governed by the statutory provisions discussed above. Moreover, the signature line at the foot of the document does not bear any actual signatures, but only the typewritten names Robert H. Falk, Jane M. Falk and Steven U. Ziegler, each preceded by the sign "/s/." The signature line provided for a witness is blank. Neither the authenticity nor the legal significance of this document were ever addressed by the district court or the government