_____

No. 95-2519SD
_____

United States of America,      *
                               *
        Plaintiff-Appellee,    *
                               *
    v.                         *
                               *
Dennis L. Birchem, also known  *
as Dennis Lee Birchem; Connie  *    Appeal from the United States
R. Birchem, also known as      *    District Court for the District
Constance Rae Birchem;         *    of South Dakota.
                               *
        Defendants-Appellants,*
                               *
Henry P. Birchem; Evelyn C.    *
Birchem; Chad Birchem; Roberts *
County, South Dakota, a        *
political subdivision of the   *
State of South Dakota,         *
                               *
        Defendants.            *
                             _____

                    Submitted:  October 23, 1996

                      Filed:  November 14, 1996
                             _____

Before FAGG, BOWMAN, and HANSEN, Circuit Judges.
                             _____


FAGG, Circuit Judge.


     Dennis L. Birchem and Connie R. Birchem (the Birchems) own and
operate a family farm in Roberts County, South Dakota.  In 1979, the
Birchems obtained a large loan from the Farmers Home Administration (FmHA).
As security, the Birchems gave the FmHA a junior mortgage on their farm.
Following the Birchems' prolonged failure to make payments on their loan,
the FmHA filed this foreclosure action.  There being no dispute about the
Birchems' default, the district court granted the FmHA's motion for summary
judgment and ordered foreclosure.  See United States v. Birchem,

883 F. Supp. 1334, 1342-43 (D. S.D. 1995).  The Birchems appeal and we affirm.

     The FmHA commenced foreclosure proceedings after the Birchems failed to make a timely request for loan servicing.  See 7 U.S.C. § 1981d(e) (1988).  According to the Birchems, their failure to take advantage of the FmHA's loan service programs should be excused because the "FmHA failed to provide notice [of the programs] by certified mail delivered personally to [them]."  Contrary to the Birchems' view, however, neither the statutory scheme nor the implementing regulations require personal notice.  See 7 U.S.C. § 1981d(a); 7 C.F.R. §§ 1951.907(d), .907(f) (1989).  Instead, the statute's notice requirement is satisfied when the FmHA "provide[s] notice by certified mail to each borrower."  7 U.S.C. § 1981d(a).  As the district court observed, the FmHA complied with the notice requirements of both the statute and the regulations.  See Birchem, 883 F. Supp. at 1336-37, 1341-42.  Because the Birchems were conducting their farming operation under a confirmed chapter eleven bankruptcy plan, the FmHA initially sent a notice about the loan service programs to the Birchems' attorney of record in their bankruptcy case.  Several months went by with no response.  The FmHA then sent the notice and the necessary forms to the Birchems' attorney by certified mail.  See 7 C.F.R. § 1951.907(d).  Although the Birchems currently assert their attorney was no longer representing them when the notices were mailed, the Birchems' premailing conversations with the FmHA suggest otherwise.  Regardless, coincidental with the certified mailing to the Birchems' attorney, the FmHA mailed a copy of the notice to the Birchems by certified mail.  By reading this notice, the Birchems would have learned about the loan service programs and realized the relevant forms that needed to be completed within the next forty-five days were in the hands of their attorney.  Nevertheless, the Birchems did not respond to the FmHA's notice until several months later.  To justify their delay, the Birchems rely on the affidavit of their college-aged son, Chad Birchem.  In

his affidavit, Chad admits signing a postal receipt for the FmHA's notice, but states he misplaced the notice and never gave it to his parents. Even so, the FmHA bears no responsibility for Chad's oversight. Like the district court, we conclude the FmHA complied with the notice requirement prescribed in § 1981d(a). See Birchem, 883 F. Supp. at 1339, 1341-42. We will not consider the Birchems' argument that the FmHA failed strictly to comply with § 1981d(b). Instead of raising this issue in the district court or their opening brief, the Birchems made the argument for the first time in a footnote to their reply brief. See United States v. Davis, 52 F.3d 781, 783 (8th Cir. 1995).

We likewise reject the Birchems' contention that the FmHA's failure to give them personal notice violated their constitutional right to due process. Due process only required the FmHA to use a notice procedure that was reasonably calculated to inform the Birchems of their preforeclosure options. See Mennonite Bd. of Missions v. Adams, 462 U.S. 791, 795 (1983). Aside from the notices mailed to the Birchems' attorney, the FmHA also mailed the same notice to the Birchems' home mailing address. The delivery of this notice to the Birchems' home satisfied the requirements of due process. See Tulsa Prof'l Collection Servs., Inc. v. Pope, 485 U.S. 478, 490 (1988).

Next, the Birchems contend that even if the district court's decision to order foreclosure was correct, the district court improperly ordered their farm sold without a right of redemption. See S.D. Codified Laws §§ 21-52-1 to 21-52-32 (Michie 1987). Although the Seventh and Ninth Circuits have reached different conclusions about the application of state redemption statutes to an FmHA foreclosure, see United States v. Einum, 992 F.2d 761, 761-63 (7th Cir. 1993); United States v. Ellis, 714 F.2d 953, 955-57 (9th Cir. 1983), the issue is not before us because the Birchems waived any redemption rights they may have had under South Dakota law. Even though state law prohibits the use of redemption waiver

-3-

clauses, see S.D. Codified Laws § 44-1-8 (Michie 1983), Congress has authorized the Secretary of Agriculture to establish the terms of the FmHA's loan instruments. See 7 U.S.C. § 1989. Along these lines, we have recognized that Congress's authorization permits a federal agency to include a waiver of state redemption rights in a borrower's mortgage. See United States v. Great Plains Gasification Assocs., 813 F.2d 193, 196 (8th Cir. 1987). But see Ellis, 714 F.2d at 957. The Birchems are bound by the provision in their real estate mortgage that waives the benefits from any state laws "allowing any right of redemption or possession following any foreclosure sale."

The Birchems' remaining challenges to the district court's summary judgment order do not warrant an extended discussion. Although the Birchems contend the grant of summary judgment was inappropriate because there had been no meaningful opportunity for discovery, the Birchems neither asked for a delayed ruling on the motion nor filed an affidavit under Rule 56(f) of the Federal Rules of Civil Procedure. See Allen v. Bridgestone/Firestone, Inc., 81 F.3d 793, 797 (8th Cir. 1996). Thus, the Birchems "cannot complain that the district court did not provide [them] an adequate opportunity to conduct discovery." Cassidy, Inc. v. Hantz, 717 F.2d 1233, 1235 (8th Cir. 1983). We also reject the Birchems' contention that the FmHA's supporting affidavits did not comply with Rule 56(e). The affidavit by the FmHA's county supervisor was based on the information contained in the FmHA's business records and the Assistant United States Attorney's affidavit repeated the information contained in the district court's file. See Birchem, 883 F. Supp. at 1342. Anyway, the Birchems have not pointed out any factual disputes that would preclude summary judgment. Adams v. Erwin Weller Co., 87 F.3d 269, 271 (8th Cir. 1996).

Having rejected the Birchems' contentions, we affirm the judgment of the district court.

A true copy.

Attest:

       CLERK, U.S. COURT OF APPEALS, EIGHTH CIRCUIT.