_____

No. 96-1742
_____

David Montgomery,                    *
                                     *
          Appellant,                 *
                                     *
     v.                              *   Appeal from the United States
                                     *   District Court for the
Darin L. Morgan; Bruce W. Meek;      *   Western District of Missouri.
Robert J. Herring; Brian Peters;     *
Ray Stagner; Mark Hoaglund,          *          [UNPUBLISHED]
                                     *
          Appellees.                 *


_____

          Submitted:  February 4, 1997

             Filed:  February 10, 1997
_____

Before BOWMAN, WOLLMAN, and BEAM, Circuit Judges.
_____

PER CURIAM.


     David Montgomery, a Missouri inmate, appeals the district court's[1]
adverse grant of summary judgment on his 42 U.S.C. § 1983 complaint.  We
affirm.


     We reject Montgomery's argument that the district court erred in not
extending the discovery period, as Montgomery did not move for additional
discovery after amending his complaint, nor did he request a delayed ruling
on the summary judgment motion based on the need for additional discovery,
and file an affidavit under Federal Rule of Civil Procedure 56(f).  See
United States v.

_____

     [1]The Honorable Scott O. Wright, United States District Judge
for the Western District of Missouri, adopting the report and
recommendation of the Honorable William A. Knox, United States
Magistrate Judge for the Western District of Missouri.

Birchem, 100 F.3d 607, 609-10 (8th Cir. 1996) (summary judgment not premature based on need for additional discovery where party did not seek delayed ruling or file affidavit under Rule 56(f)).  We also reject Montgomery's claim the magistrate judge was prejudiced, as Montgomery did not move for the magistrate judge's recusal, and he has not shown there were circumstances in which the magistrate judge should have recused himself sua sponte.  See West v. United States, 994 F.2d 510, 512 (8th Cir. 1993) (court's failure to recuse itself reviewed for abuse of discretion); United States v. Walker, 920 F.2d 513, 517 (8th Cir. 1990) (judge presumed impartial; party seeking recusal bears substantial burden of proving otherwise).

Accordingly, We affirm.

A true copy.

Attest:

CLERK, U.S. COURT OF APPEALS, EIGHTH CIRCUIT.

-2-