**United States Court of Appeals**
FOR THE EIGHTH CIRCUIT

No. 02-1582

United States of America,       *
                              *

     Appellee,                *

                                *   Appeal from the United States

          v.              *   District Court for the

                                *   Southern District of Iowa

Kathleen J. Jacobsen,       *

                                *   [PUBLISHED]

     Appellant.             *   [Per order entered 2/6/03]

Submitted: October 9, 2002

Filed: November 27, 2002

Before MURPHY, BEAM, and MELLOY, Circuit Judges

PER CURIAM.

     The United States Department of Agriculture (USDA) brought a foreclosure action against Kathleen Jacobsen after she defaulted on a loan issued by the Farmers Home Administration.[1] The district court[2] ordered that Ms. Jacobsen's mortgage be

---

     [1]The USDA has reorganized since this loan was issued and the Farmers Home Administration has now become part of the Rural Housing Service.

     [2]The Honorable Charles R. Wolle, United States District Judge for the Southern District of Iowa.

foreclosed. The court also held that under the language of her USDA-issued mortgage Ms. Jacobsen did not have a right to redemption or to prevent the government from obtaining a deficiency judgment against her. It is undisputed Ms. Jacobsen defaulted on the loans at issue and this appeal concerns only whether the USDA could contractually require Ms. Jacobsen to waive redemption and deficiency rights. Because we find that 42 U.S.C. §1475(b) does not require the USDA or its subdivisions to provide borrowers with these substantive state law rights, we affirm.

Ms. Jacobsen claims that 42 U.S.C. §1475(b) compels the USDA to follow Iowa law regarding redemption and deficiency judgments. This statute provides in relevant parts that: "[i]n foreclosing on any mortgage held by the Secretary under this subchapter, the Secretary shall follow the foreclosure **procedures** of the State in which the property involved is located, to the extent such procedures are more favorable to the borrower. . ." (Emphasis added).

In essence, Ms. Jacobsen claims that 42 U.S.C. §1475(b) makes paragraph 19 of her "Real Estate Mortgage for Iowa" void. This paragraph provides in relevant parts that the "[b]orrower agrees that the Government will not be bound by any present or future State laws. . . (b) prohibiting maintenance of an action for a deficiency judgment . . . [or] (d) allowing any right of redemption or possession following any foreclosure sale. . . ."

We disagree that paragraph 19 is invalidated by 42 U.S.C. §1475(b). It is clear that this statute was intended to require the USDA to follow state procedures. However, it does not require the USDA to adopt state substantive rules. We agree with the district court that the right to redemption and protection from deficiency judgments are substantive rights. Thus, assuming that 42 U.S.C. §1475 prohibited waivers of procedural rights, we find that the rights at issue in this case do not fall within its scope.

We are also not convinced that 42 U.S.C. §1475(b) prevented the USDA from requiring Ms. Jacobsen to waive certain rights, either procedural or substantive, as part of her mortgage agreement. On this point, the USDA refers this court to United States v. Birchem, 100 F.3d 607 (8th 1996). In that case, this court held that the Farmers Home Administration could require borrowers to waive the right of redemption in loan agreements, even though South Dakota state law did not allow such waivers. Id. at 609. We find the reasoning of Birchem equally applicable here.

The other arguments advanced against the validity of this waiver similarly fail to persuade this court that the district court erred in reaching its decision. Therefore, we affirm the decision of the district court.

A true copy.

Attest:

CLERK, U.S. COURT OF APPEALS, EIGHTH CIRCUIT.

-3-