**UNITED STATES of America,
Plaintiff,**

v.

**Steven James LOWE a/k/a Steven James Lowe II; Amanda Lowe; Portfolio Recovery Associates, LLC; Jaran Medical Services; Defendants.**

No. 4:09–cv–00233.

United States District Court,
S.D. Iowa,
Central Division.

Sept. 1, 2009.

Christopher D. Hagen, U.S. Attorney's Office, Des Moines, IA, for Plaintiff.

Steven James Lowe, Brooklyn, IA, pro se.

Amanda Kay Lowe, Brooklyn, IA, pro se.

## ORDER

ROBERT W. PRATT, Chief Judge.

Before the Court is a Motion to "Demand Delay of Sale" by Steven James Lowe II and Amanda Lay Lowe (collectively "the Lowes"), filed on July 16, 2009. Clerk's No. 10. The United States filed a Response on August 3, 2009. Clerk's No. 11. The date for reply has passed, and none has been filed. The matter is fully submitted.

## I. PROCEDURAL BACKGROUND

On June 10, 2008, the United States filed this foreclosure action against the Lowes, asserting the Lowes have failed to make installment payments on a United States Department of Agriculture ("USDA") promissory note and associated real estate mortgage, and demanding judgment in rem against the Lowes' mortgaged property and in personam against the Lowes. Compl. ¶¶ 3–5. On July 2, 2009, the Court received a letter from the Lowes which stated "Demand Delay of Sale on this day of June 24, 2009" and listed an address in Brooklyn, Iowa. Clerk's No. 5. The Court construed the letter as a motion and denied the request, citing Local Rule 7(d)'s requirement that a motion state the grounds and authority to support the requested action. Clerk's No. 6. On July 16, 2009, the Lowes filed a second "Demand Delay of Sale," citing their ongoing efforts to resolve the mortgage default. The United States opposes the Lowes' second Motion to Demand Delay of Sale on the grounds that the "Demand for Delay of Sale" is based upon Iowa Code § 654.21 and that the United States in not bound by State law in this federal foreclosure proceeding.

## II. LAW AND ANALYSIS

Though the Lowes do not specifically cite Iowa Code § 654.21, "Demand for Delay of Sale," the Court presumes their request seeks the relief provided in this provision since they have specifically stated that they "demand delay of sale" twice, federal law makes no provision for a "demand delay of sale," and they did not file a reply disagreeing with the United States' interpretation of their claim as a request under § 654.21. Section 654.21 provides an alternative procedure that mortgagors may request if their lender elects for foreclosure without redemption under Iowa Code § 654.20, "Foreclosure without redemption—Nonagricultural land." *W. Des Moines State Bank v. Pameco, Inc.*, 501 N.W.2d 555, 557–58 (Iowa Ct.App.1993); § 654.20 ("If the election for foreclosure without redemption is made, then sections 654.21 through 654.26 apply."). If such a demand is filed, the sale will be held two, six, or twelve months from the entry of the foreclosure judgment, depending on certain conditions set forth in the statute. *Id.* In addition, the statute provides:

> At any time prior to judgment, the mortgagor may pay the plaintiff the amount claimed in the petition and, if paid, the foreclosure action shall be dismissed. At any time after judgment and before the sale, the mortgagor may pay the plaintiff the amount of the judgment and, if paid, the judgment shall be satisfied of record and the sale shall not be held.

*Id.*

 Federal law governs questions involving the rights of the United States arising under nationwide federal programs, such as the USDA home lending programs. *United States v. Kimbell Foods, Inc.*, 440 U.S. 715, 726, 99 S.Ct. 1448, 59 L.Ed.2d 711 (1979); *United States v. Chester Park Apartments, Inc.*, 332 F.2d 1, 3–4 (8th Cir.1964). Congress incorporated state law procedures into federal law when it required the USDA to "follow the foreclosure procedures of the State in which the property involved is located to the extent such procedures are more favorable to the borrower than the foreclosure procedures that would otherwise be followed by the [USDA]." 42 U.S.C. § 1475(b). However, the incorporation of state law procedures is limited. Where the state procedure creates a substantive right, the USDA is not required to adopt the state rule. *United States v. Jacobsen*, 319 F.3d 323, 324 (8th Cir.2002) (per curiam) ("It is clear that [42 U.S.C. § 1475(b) ] was intended to require the USDA to follow state procedures. However, it does not require the USDA to adopt state substantive rules.").

 State laws which provide a mortgagor the right of redemption following a foreclosure sale and protection from deficiency judgments create substantive rights. *Jacobsen*, 319 F.3d at 324. The protection provided to mortgagors of nonagricultural land by the alternative procedures set forth in Iowa Code §§ 654.20–654.26 is analogous to the right of redemption. If a mortgagor makes a demand for delay of sale, pursuant to § 654.21, the mortgagor is guaranteed a delay in the sale of the mortgaged property and is guaranteed an opportunity to recover the mortgaged property after judgment has been entered. Additionally, the Iowa legislature structured the alternative procedures so that once the plaintiff opts to foreclose without redemption under § 654.20, a mortgagor's decision whether to file a demand for delay of sale will control whether the plaintiff will be entitled to a deficiency judgment. *See* § 654.26 ("[I]f the mortgagor does not file a demand for delay of sale under section 654.21, then the plaintiff shall not be entitled to the entry of a deficiency judg-

ment."). Interpreting § 654.21 as one part of the whole of the alternative procedures set forth in §§ 654.20–654.26, as the Iowa legislature clearly intended from the interlinked structure of the alternative procedures, it is evident that § 654.21 provides the mortgagors with additional protection from deficiency judgments. Accordingly, the Court must conclude that a demand for delay of sale is not a state procedure that must be followed pursuant to 42 U.S.C. § 1475, but rather, provides a state substantive right that the USDA is not required to adopt.

The Court also concludes that the United States did not avail itself of any of the alternative procedures set forth in §§ 654.20–654.26 when it filled this foreclosure action. Under federal law, the USDA may include a waiver of state redemption rights in a borrower's mortgage, *United States v. Birchem,* 100 F.3d 607, 609 (8th Cir.1996), and the Lowes provided such a waiver in their mortgage. Compl., Ex. B at 5. The basis for the United States' declaration that none of the Defendants would have a right to redemption after the requested foreclosure sale is, presumptively, the Lowes' waiver of any state right to redemption and the fact that "there is no federal statutory right to redemption after a foreclosure." *United States v. Vilhauer,* 57 Fed.Appx. 711, 713 (8th Cir.2003) (citing *United States v. Victory Highway Vill., Inc.,* 662 F.2d 488, 498 (8th Cir. 1981)). Indeed, the United States did not reference § 654.20, or make any reference to an election to proceed without redemption, in the Complaint. Since a demand

for delay of sale under § 654.21 is only available after § 654.20 is invoked, and since the USDA has chosen to foreclose on the mortgaged property under federal law without adopting the alternative state procedure under § 654.20, it follows that the opportunity for the Lowes to file a demand for delay of sale under § 654.21 never arose. Accordingly, the Court concludes that the "Demand Delay of Sale" requested by the Lowes is not available in this federal foreclosure proceeding.[1]

### III. CONCLUSION

For the reasons stated above, the Lowes' Motion to Delay Sale (Clerk's No. 10) is DENIED.

IT IS SO ORDERED.

---

1. When the Lowes filed their second "Demand Delay of Sale," they referenced their efforts with Iowa Mediation to resolve the mortgage default. However, the statutory right to file a demand for delay of sale under § 654.21 is in no way contingent on a request for mediation. Further, the Lowes have failed to avail themselves of the thirty day window provided in the United States' Notice

of Appeal for mediation and, given the Lowes' implicit representation that the mortgaged property is not agricultural land, the Court is unaware of any federal or state rule that would require the United States to engage in mediation at this point in time. *Cf.* Iowa Code §§ 654.2C, 654.2A (requiring mediation or a mediation release to foreclose on agricultural lands).