# United States Court of Appeals
## FOR THE EIGHTH CIRCUIT

_____

No. 09-3415

_____

| | | |
|---|---|---|
| Anthony Scelta, | * | |
| | * | |
| Appellant, | * | |
| | * | |
| v. | * | |
| | * | Appeal from the United States |
| Boehringer Ingelheim Pharmaceuticals, | * | District Court for the |
| Inc., a Delaware corporation; Pfizer, | * | District of Minnesota. |
| Inc., a Delaware corporation; | * | |
| Pharmacia Corporation, a Delaware | * | [UNPUBLISHED] |
| corporation; Pharmacia & Upjohn | * | |
| Company, LLC, | * | |
| | * | |
| Appellees. | * | |

_____

Submitted: October 18, 2010
Filed: December 17, 2010

_____

Before SMITH, COLLOTON, and SHEPHERD, Circuit Judges.

_____

PER CURIAM.

Anthony Scelta appeals the district court's[1] adverse grant of summary judgment on his state law claims arising from his use of the prescription drug Mirapex. Upon

_____

[1]The Honorable James M. Rosenbaum, United States District Judge for the District of Minnesota, now retired.

de novo review, <u>Mumid v. Abraham Lincoln High Sch.</u>, 618 F.3d 789, 793 (8th Cir. 2010), we affirm.

Scelta is a Florida resident who suffers from Parkinson's disease. Scelta's physician, Dr. Carlos Singer, prescribed Mirapex for Scelta's symptoms. Soon after he started taking the medication, Scelta alleges that he began experiencing hypersexual feelings, initiating aggressive physical sexual contact, and spending compulsively. This behavior was expensive and led to Scelta's divorce. In a diversity action, Scelta sued Boehringer Ingelheim Pharmaceuticals, Inc., Pfizer, Inc., Pharmacia Corp., and Pharmacia & Upjohn Co., LLC (together "Appellees"), the companies that manufactured and sold Mirapex, asserting several Florida state law claims.

Scelta failed to create a genuine issue of fact on his strict liability and negligent failure to warn claims because he did not produce expert testimony on the inadequacy of Mirapex's warning label as required by Florida law. <u>Upjohn Co. v. MacMurdo</u>, 562 So. 2d 680, 683 (Fla. 1990). Scelta responds that the requisite expert testimony was adduced during the Appellees' deposition of Scelta's expert and that the district court erred in granting summary judgment before the deposition could be made part of the record. Scelta cannot complain about a premature grant of summary judgment, however, because he "neither asked for a delayed ruling on the motion nor filed an affidavit under Rule 56[(d)][2] of the Federal Rules of Civil Procedure." <u>United States v. Birchem</u>, 100 F.3d 607, 609 (8th Cir. 1996).

On Scelta's statutory claims for deceptive advertising and deceptive trade practices, the parties agree that if Dr. Singer had independent knowledge of Mirapex's risks, the learned intermediary doctrine prevents Scelta from proving that the

---

[2]An amendment to Rule 56, which took effect December 1, 2010, moved subsection (f) to subsection (d).

Appellees' alleged deception proximately caused his injuries.  See Beale v. Biomet, Inc., 492 F. Supp. 2d 1360, 1373 (S.D. Fla. 2007).  Scelta argues that Dr. Singer did not have independent knowledge of Mirapex's risks despite conducting and publishing two studies on the connection between compulsive behavior and the active ingredient found in Mirapex and confirming in an interview that he was aware of the connection between Mirapex and gambling.  We find Dr. Singer's knowledge sufficient.  See Baker v. Danek Med., 35 F. Supp. 2d 875, 882 (N.D. Fla. 1998) (finding independent knowledge in part because the doctor conducted independent research on the product in question); Cornelius v. Cain, No. CACE 01-020213(02), 2004 WL 48102, at *4 (Fla. Cir. Ct. Jan. 5, 2004) (finding independent knowledge when physicians were aware of the abuse potential of the general category of drugs).

Scelta also failed to create a genuine issue of fact on his fraudulent misrepresentation, negligent misrepresentation, and fraudulent concealment claims because he failed to produce evidence that he or Dr. Singer relied on Mirapex's alleged deception.  Although Scelta argues that reliance can be inferred from Dr. Singer's exposure to the alleged misrepresentations, reliance is a separate element of the causes of action.  See Soler v. Secondary Holdings, Inc., 771 So. 2d 62, 69 (Fla. Dist. Ct. App. 2000); Baggett v. Electricians Local 915 Credit Union, 620 So. 2d 784, 786 (Fla. Dist. Ct. App. 1993).

Finally, Scelta misunderstands the law when he argues that the district court was required to perform an analysis under comment k to the Restatement (Second) of Torts section 402A before granting summary judgment on his strict liability design defect claim.  Comment k provides for an affirmative defense to the design defect cause of action described in section 402A of the Restatement (Second) of Torts. Restatement (Second) of Torts § 402A cmt. k.  Thus, Florida courts do not perform a comment k analysis when a plaintiff fails to establish, as a matter of law, the prima facie elements of a design defect claim.  See, e.g., Knox v. Delta Int'l Mach. Corp., 554 So. 2d 6 (Fla. Dist. Ct. App. 1989) (per curiam).

Accordingly, we affirm the district court's grant of summary judgment.

_____